IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00991-PAB-TPO

ESTATE OF IAN DAVID LOCKHART, by and through its personal representative, David Lockhart, and
DAVID LOCKHART, individually,

    Plaintiffs,

v.

SHERIFF JAMES VAN BEEK, in his official and individual capacities,
CAPTAIN GREGORY VAN WYK, in his official and individual capacities,
DEPUTY ANTHONY VALDEZ, in his official and individual capacities,
DEPUTY ANDREW VIGIL, in his official and individual capacities,
EAGLE COUNTY SHERIFF'S OFFICE,
BEHAVIORAL HEALTH CRISIS SERVICES, INC. d/b/a Your Hope Center,
TERESA HAYNES, in her individual capacity,
TAYLOR WALKER, in her individual capacity,
VICKY BIBLER, in her individual capacity,
CATHY SCHNEIDER, in her individual capacity,
STACIE FREUDENBERG, in her individual capacity, and
JENNIFER KIM, in her individual capacity,

    Defendants.

## ORDER

This matter comes before the Court on the Joint Motion to Dismiss Plaintiff's Eight and Tenth Claims for Relief without Prejudice [Docket No. 104]. The motion has been jointly filed by plaintiffs Estate of Ian David Lockhart and David Lockhart and by defendants Anthony Valdez and Andrew Vigil. Docket No. 104 at 1.

Plaintiffs' third amended complaint, Docket No. 88, is the operative complaint. Count VIII of the operative complaint is a claim brought under 42 U.S.C. § 1983 against

Eagle County Sheriff's Deputy Anthony Valdez for a violation of decedent David Lockhart's Fourteenth Amendment rights. *Id.* at 44-46. Count X of the operative complaint is a claim brought under 42 U.S.C. § 1983 against Eagle County Sheriff's Deputy Andrew Vigil for a violation of decedent David Lockhart's Fourteenth Amendment rights. *Id.* at 46-48. The complaint also alleges the same Fourteenth Amendment violation by Eagle County Sheriff James Van Beek in his official capacity. *Id.* at 32-34.

A previous version of the complaint alleged the same Fourteenth Amendment violation by Undersheriff Dan Loya in his official capacity. Docket No. 36 at 34-36. In a February 28, 2025 order, the Court granted Undersheriff Loya's motion to dismiss that claim. Docket No. 79 at 12-14. The Court found that, given the official-capacity claim against Sheriff Van Beek, an official-capacity claim against another member of the same municipal entity was duplicative. *Id.* Noting that ruling, the moving parties ask the Court to dismiss the official-capacity claims against Deputies Valdez and Vigil. *See* Docket No. 104 at 1-2. For the reasons explained in its February 28, 2025 order, the Court agrees that the official-capacity claims against Deputies Valdez and Vigil are duplicative and will strike them as potentially confusing pursuant to Federal Rule of Civil Procedure 12(f). *See* Docket No. 79 at 12-14.

For the foregoing reasons, it is

**ORDERED** that the Joint Motion to Dismiss Plaintiff's Eight and Tenth Claims for Relief without Prejudice [Docket No. 104] is **GRANTED**. It is further

**ORDERED** that Count VIII against Anthony Valdez is **DISMISSED without prejudice**. It is further

**ORDERED** that Count X against Andrew Vigil is **DISMISSED without prejudice**.

DATED February 26, 2026.

> BY THE COURT:
>
> s/ Philip A. Brimmer
> PHILIP A. BRIMMER
> Chief United States District Judge

3